FILED
2018 Feb-28 PM 12:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **KAINNON TRUITT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 6:16-CV-2053-VEH** |
| ) | |
| **NANCY A. BERRYHILL**, *Acting* ) | |
| *Commissioner Social Security* ) | |
| *Administration*, ) | |
| ) | |
| **Defendant**. ) | |

## MEMORANDUM OPINION[1]

## I. INTRODUCTION

Plaintiff Kainnon Truitt ("Truitt") brings this action under 42 U.S.C. § 405(g). Truitt seeks a review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Truitt filed two applications; the first was on application on June 7, 2013 (for SSI), and the second

---

[1] Nancy A. Berryhill was named the Acting Commissioner on January 23, 2017. See https://www.ssa.gov/agency/commissioner.html. Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the Court has substituted Nancy A. Berryhill for Carolyn W. Colvin in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

was on July 23, 2013 (for DIB). (Tr. 72). After that, Truitt pursued and exhausted the administrative remedies available before the Commissioner. He filed his Complaint in the Northern District of Alabama on December 21, 2016. (Doc. 1). He filed his brief in support of his position on July 6, 2017. (Doc. 12). The Commissioner responded on July 31, 2017. (Doc. 13). This case is now ripe for judicial review under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

Upon review, the Court **AFFIRMS** the ALJ's decision.

## II. RELEVANT BACKGROUND

The alleged onset date is November 1, 2012. (Tr. 72). Truitt suffers from "lumbar degenerative disease (DDD) with radioculopathy, left knee internal derangement, borderline personality disorder (BPD), and major depressive disorder (MDD)." (*Id.* at 74) (emphasis omitted). The Social Security Administration denied both of his applications on August 30, 2013. (*Id.* at 72). Administrative Law Judge George W. Merchant held a video hearing on April 29, 2015. (*Id.* at 72, 83). The ALJ issued his decision on July 29, 2015, which was unfavorable to Truitt. (*Id.* at 72-83). In that opinion, the ALJ found that Truitt did not meet the disability standard at Steps Three and Five. (*Id.*). Truitt requested the Appeals Council review his claim. (*Id.* at 1-3). They refused. (*Id.*).

## III. STANDARDS

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F.

2d 1143, 1145-46 (11th Cir. 1991).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[2] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

---

[2] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

(2) whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## V. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After considering the record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2013.

2. The claimant has not engaged in substantial gainful activity since November 1, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, 416.971 *et seq.*).

3. The claimant has the following severe impairments: lumbar degenerative disease (DDD) with radioculopathy, left knee internal derangement, borderline personality disorder (BPD), and major depressive disorder (MDD) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except limited to no use of foot control operations on the left side, occasional climbing of ramps or stairs, kneeling crouching or crawling, and no climbing of ladders, ropes, or scaffolds. Additionally, no commercial driving, and no exposure to unprotected heights or uneven grades. Also, work that requires no more than understanding, remembering, and carrying out simple instructions; activity can [be] sustained for two hours, with normal midmorning, lunch, and mid-afternoon breaks, and can be sustained over and eight-hour day; and decisionmaking, changes, and interaction with coworkers and supervisors on no more than an occasional basis.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on [REDACTED] and was 21 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 74-82) (emphasis omitted).

## VI.   ANALYSIS

### A.   The ALJ Properly Developed the Record

Truitt argues that "[t]he ALJ failed in this case to fully and fairly develop the record concerning the severity of [his] alleged knee and back impairments, and the concomitant effects of those conditions on his ability to work." (*See* Doc. 12 at 9). This argument stems from the fact that Truitt's MRI from 2013 was compromised. (*See id.* at 10). The Court infers that Truitt is arguing that without that MRI scan, the record is complete, leaving the ALJ's decision unsupported by substantial evidence. (*See id.*).

In response, the Commissioner argues that the ALJ was under no heightened

duty to develop the record because Truitt had counsel and there was no prejudice because the ALJ's decision is supported by substantial evidence. (*See* Doc. 13 at 9-10). The Court agrees.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d); *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Id.* (citing 20 C.F.R. § 416.912(a); 20 C.F.R. § 416.912(c)). "However, a showing of prejudice must be made before [a court] will find that a hearing violated claimant's rights of due process and requires a remand to the Secretary for reconsideration." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985).[3]

Here, the ALJ fulfilled his duty to develop the record. The ALJ did not have to order another MRI when there was other ample evidence on which to base his decision, and there is some indication that the December 2013 MRI was a failure because Truitt could not keep still. (*See* Doc. 12 at 10); (Doc. 13 at 10); (Tr. 78). The

---

[3] The Court notes that "[w]hen a claimant who has not waived his right to counsel represents himself in a hearing, the hearing examiner's obligation to develop a full and fair record rises to a special duty." *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982). However, Truitt was represented by counsel. (Tr. 72).

8

Commissioner correctly notes that Truitt cannot shift the burden to prove his disability to the ALJ. (*See* Doc. 13 at 8-9).

Truitt's citation to *Sims v. Astrue* is unpersuasive. (*See* Doc. 12 at 10) (citing *Sims v. Astrue*, No. 3:09cv366-CSC, 2010 WL 2952686, *4 (M.D. Ala. July 26, 2010)). That case stands for the proposition that "pursuant to 20 C.F.R. § 416.917, the ALJ is required to order additional medical tests when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability." *Sims*, 2010 WL 2952686, *4. However, in this case, the existing medical sources gave more than enough medical evidence to determine disability.

The ALJ's thorough opinion contains a recitation of the evidence in this case. (Doc. 77-81). It notes the numerous unremarkable medical records. (*See* Tr. 78-81). In particular, "[a] May 25, 2013[,] CT scan of [Truitt's] lumbar spin at Princeton Emergency Department showed no abnormality." (*Id.* at 78) (citing Exhibit 11F/11). In November 2012, a knee MRI "was largely normal" and records noted Truitt's noncompliance with wearing a knee immobilizer. (*Id.* at 79). However, in the wake of these two tests, Truitt argues the ALJ erred when he did not order another. The Court cannot agree.

The ALJ also notes Truitt's "noncompliance with treatment." (*Id.* at 78-80). Notably, Truitt makes no argument that the ALJ has in any way mis-characterized,

9

or selectively presented, the evidence. (*See* Doc. 12 at 9-13). Truitt has not given the Court any indication of what "gap" another MRI would fill.[4]

In conclusion, the ALJ did not err in developing the record.

### B. The ALJ's Residual Functional Capacity Assessment is Supported by Substantial Evidence

Next, Truitt contends that "[t]he ALJ's decision that [he] is capable of performing light work is not supported by substantial evidence." (Doc. 12 at 11). Upon review, the Court does not agree.

Truitt's brief provides citations only to his and his attorney's testimony at the hearing. (*See* Doc. 12 at 11-12). This is insufficient to have the Court say that the ALJ's opinion is unsupported by substantial evidence.[5] Truitt does not directly tackle

---

[4] The Court is persuaded by the following passage from the *Sarria* case:

The administrative law judge was not required to order an additional medical examination to develop a full and fair record. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir.2003). We have remanded for further development of the evidentiary record when the claimant was proceeding pro se and the record contained "evidentiary gaps which result in unfairness or clear prejudice," *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir.1995) (internal quotation marks and citation omitted), but Sarria fails to identify any gaps in the evidence. . . . Sarria's disagreement with the interpretation of [the] evidence does not warrant a remand of her case.

*Sarria v. Commissioner of Social Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014).

[5] Here is the Eleventh Circuit "pain standard":

This court has established a three part "pain standard" that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. The pain standard requires (1) evidence of an

10

the real reasons why the ALJ found the way he did. (*See id.*).

The ALJ gave a detailed explanation of why "[Truitt's] allegations are not supported by the objective medical evidence." (Tr. 78-79). In his argument, Truitt has not pointed to any medical record showing this to be erroneous. (*See* Doc. 12 at 11-12). The ALJ noted that Truitt had issues complying with treatment. (Tr. 79) ("The claimant's record of noncompliance with treatment reflects poorly upon the credibility of his allegations of pain and disability regarding his knee."). Truitt completely ignored that in his brief. (*See* Doc. 12 at 11-12). The ALJ noted the lack of evidence of borderline personality disorder and major depressive disorder. (Tr. 80). Truitt did not address this. (*See* Doc. 12 at 11-12). Truitt has not adequately engaged with the ALJ's decision, through use of the medical records, to show the Court why it is unsupported.

Again, the Court notes that Truitt has not argued that the ALJ mischaracterized the record, or selectively presented the evidence. (*See* Doc. 12 at 11-

---

underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *See Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir.1986). The standard also applies to complaints of subjective conditions other than pain. *Jackson v. Bowen*, 873 F.2d 1111, 1114 (8th Cir.1989).

*Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

12). To the contrary, the ALJ made a reasonable decision based on the facts before him. He noted the unremarkable medical records that undermined Truitt's claims. (Tr. 78-80). He noted the noncompliance. (*Id.* at 79-80). He noted the record that indicated, at least in part, that Truitt went to the doctor at his lawyer's encouragement. (*Id.* at 78). On these facts, the Court cannot say that the ALJ erred.

In conclusion, the ALJ's RFC determination is supported by substantial evidence.

## VII. CONCLUSION

Upon review of Truitt's arguments, the Court concludes that none of them merit a reversal. There is no basis on which to disturb the ALJ's decision. Accordingly, the Commissioner's decision is **AFFIRMED**.

**DONE** and **ORDERED** this the 28th day of February, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge